UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

BRETT YAGEL,

                Plaintiff,

        -against-

THE TOWN OF HAVERSTRAW, TOWN OF HAVERSTRAW SUPERVISOR, HOWARD T. PHILLIPS, JR., TOWN OF HAVERSTRAW POLICE DEPARTMENT,

                Defendants.

———————————————————————

**COMPLAINT**
**ACTION FOR DAMAGES**

The Plaintiff, Brett Yagel, by and through his attorney, Kevin T. Conway, for his Complaint against the Defendants herein, respectfully alleges as follows:

## INTRODUCTION

1. This is an action for equitable relief and for redress for the violation of rights guaranteed to the Plaintiff by state and federal laws, including: (a) damages for deprivations by Defendants acting under color of State law of Plaintiff's rights, privileges and immunities guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 USC 1983 and 1988; (b) damages for deprivations by Defendants of Plaintiff's rights, privileges and immunities guaranteed by Article I, Sections 8, 9 and 11 of the New York State Constitution; and (c) damages based upon common law claims in tort.

1

**JURISDICTION AND VENUE**

2. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331 and 1343(a)(3). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391 because all of the material acts and injuries alleged herein occurred within the Southern District of New York. Such acts include practices and conduct violative of the First, Fourth and Fourteenth Amendments to the United States Constitution. In addition, venue is proper in this district pursuant to 28 U.S.C. 1391 because, upon information and belief, Defendants' residence and/or principal place of business is in this judicial district.

**THE PARTIES**

4. The Plaintiff, Brett Yagel, is domiciled in the State of New York and is a resident of the County of Rockland, and resides at 9 Secor Court, Pomona, New York, 10970.

5. At all times relevant herein, the Plaintiff was a former Mayor of the Village of Pomona, a Village within the Town of Haverstraw. The Plaintiff served as Mayor of the Village of Pomona from 2011-2019.

6. The Defendant, the Town of Haverstraw is a Public Corporation as defined in Section 66 of the General Construction Law of the State of New York.

7. The Defendant Howard T. Phillips Jr, at all times relevant herein, was the Town Supervisor of the Town of Haverstraw, and by virtue of that title, was an employee of the Town of Haverstraw.

8. The Defendant, Town of Haverstraw Police Department is funded and operated by the Town of Haverstraw.

**FACTS**

9. On February 14, 2023, the Plaintiff attended a Town Board Meeting held at Town of Haverstraw Town Hall. The topic of the meeting focused on how the Town Board handled an issue under the Religious Land Use and Institutionalized Persons Act of 2000. Specifically, the Town had approved a plan to convert a single-family home to a Synagogue.

10. During the meeting, the Plaintiff was addressing the Board, and an exchange occurred between the Plaintiff and the Defendant Town Supervisor Howard T. Phillips, Jr. During the exchange, and for no legitimate purpose, the Defendant Town Supervisor Howard T. Phillips, Jr. called for the Plaintiff's removal from the meeting, and as a result, the Plaintiff was escorted from the meeting.

11. The Defendant, Town Supervisor directed members of the Town of Haverstraw Police Department to arrest the Plaintiff if he re-entered or attempted to re-enter the meeting. Thereafter, the Plaintiff stood and remained in the doorway to the meeting, and he was, at that time, arrested by members of the Town of Haverstraw Police Department and charged with Disorderly Conduct.

12. Subsequent to the arrest, the Defendant, Town Supervisor Howard J. Phillips, Jr., appeared on a local radio station and made false, negative comments about the Plaintiff, defaming and embarrassing him in general and with regard to the nature of the arrest itself.

13. The charges against the Plaintiff were dismissed on the merits on May 17, 2023.

## AS AND FOR A FIRST CAUSE OF ACTION

14. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 as if set forth in herein at length.

15. The policies and conduct of the Defendants prevented or inhibited Plaintiff from speaking out about matters of public concern which he was versed in and seek remedy in the court system and constituted a violation of the Plaintiff's right to free speech in violation(s) of Article I Section 8 of the New York State Constitution as well as punishing the Defendant for attempting to exercise his right to free speech.

16. As a direct and proximate result of the unlawful policies and acts of the Defendants described herein, the Plaintiff has incurred economic losses including a loss of gainful employment, damage to his reputation and still suffers both physical pain and emotional suffering and psychiatric injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be determined at trial, plus reasonable attorneys' fees, costs and disbursements.

17. The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

18. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if set forth herein at length.

19. The policies and conduct of the Defendants prevented or inhibited and unlawfully punished Plaintiff from speaking out about matters of public concern and constituted a violation of Plaintiff's right to free speech in violation of the First Amendment to the United States Constitution.

20. As a direct and proximate result of the unlawful policies and acts of the Defendants described herein, the Plaintiff has incurred economic damage including damage to his reputation and still suffers emotional injury all to Plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

21. The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

22. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-21 as if set forth herein at length.

23. The conduct of the Defendants constituted malicious prosecution because it was carried out in pursuit of a personal vendetta and without any basis in law or fact and without sufficient factual information.

24. As a direct and proximate result of the unlawful acts of the Defendants described herein, the Plaintiff has incurred economic damage(s) and damage(s) to his reputation and still suffers emotional injury all to Plaintiff's damage(s) in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

25.     The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

26.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-25 as if set forth herein at length.

27.     As a direct and proximate result of the intentional acts of the Defendants described herein, carried out in pursuit of a personal vendetta and without sufficient factual information, Plaintiff suffered economic damage(s), including a loss of gainful employment and was caused to suffer emotional injuries and continues to suffer from distress.

28.     The aforesaid emotional injuries sustained by Plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of the Defendants as described herein.

29.     The Defendants acted maliciously and with specific intent to oppress and harm Plaintiff and/or with reckless disregard of the consequences of their actions, and as a result Plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

30.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-29 as if set forth herein at length.

31. As a direct and proximate cause of the actions of the Defendants, the Plaintiff was detained, against his will, processed, fingerprinted and searched. The detention was unlawful in nature and was without the Plaintiff's consent, and the Defendants intended to detain the Plaintiff.

32. As a direct and proximate result of the unlawful acts of the Defendants described herein, the Plaintiff has incurred economic damage(s) and damage(s) to his reputation and still suffers emotional injury all to Plaintiff's damage(s) in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

33. The Defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, Plaintiff is entitled to an award of punitive damages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment:

a. Awarding the full amount of compensatory damages as Plaintiff may prove at trial against all Defendants jointly and severally;

b. Awarding the full amount of punitive damages as the jury determines to be appropriate;

c. Awarding reasonable attorneys' fees, costs and disbursements; and

d. Granting such other and further relief as to the Court seems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 18, 2024

                                      Yours, etc.

By:   /s/ *Kevin T Conway*
       Kevin T. Conway, Esq. (KC-3347)
       7 Stokum Lane
       New City, New York 10956
       T: 845-352-0206
       F: 845-352-0481
       E-mail: kconway@ktclaw.com
       *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF* and that service was perfected on all counsel of record and/or interested parties through this system.

By:    /s/ *Kevin T Conway*
        Kevin T. Conway, Esq. (KC-3347)
        7 Stokum Lane
        New City, New York 10956
        T: 845-352-0206
        F: 845-352-0481
        E-mail: kconway@ktclaw.com
        *Attorney for Plaintiff*