UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRETT YAGEL,                                                                         No. 24-cv-2030 (NSR)

                Plaintiff,

  -against-

THE TOWN OF HAVERSTRAW, TOWN OF
HAVERSTRAW SUPERVISOR, HOWARD T.
PHILLIPS, JR., TOWN OF HAVERSTRAW POLICE
DEPARTMENT,

                Defendants.
------------------------------------------------------------------------X

**Memorandum of Law in Support of Defendants' Partial Motion to Dismiss**

**PRELIMINARY STATEMENT**

In this 42 U.S.C. § 1983 action, Plaintiff Brett Yagel brings federal and state claims stemming from his removal from a Town of Haverstraw Board meeting and subsequent arrest on February 14, 2023. As will be discussed in detail below, Plaintiff's first cause of action should be dismissed because New York State constitutional torts are unavailable where there are analogous state or federal remedies. Plaintiff's Fourth cause of action should be dismissed because intentional infliction of emotional distress claims cannot be predicated on conduct that is the subject of common law torts. Finally, the Town of Haverstraw Police Department should be dismissed from this action because municipal subdivisions are not sueable entities.

**ARGUMENT**

**I.  Plaintiff's first cause of action should be dismissed.**

Plaintiff's first cause of action, predicated on a violation of Article I, Section 8 of the New York State Constitution fails to state a claim as New York state constitutional tort claims are unavailable where the Plaintiff has a federal constitutional remedy. Under New York law, "the state constitutional tort" for damages based on official misconduct violating the state constitution "is usually available only in cases in which a plaintiff ... has no alternative remedy." Biswas v. City of New York, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (citing Lyles v. State, 2 A.D.3d 694, 695, 770 N.Y.S.2d 81 (2d Dept. 2003). "Actions for damages at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state Constitution." Id.

In the case at bar, the conduct underlying Plaintiff's New York State constitutional claim is the same conduct that forms the basis for his § 1983 First Amendment retaliation claim. Because this federal statute provides a remedy, there is no separate claim under the New York State

Constitution.  See Johnson v. City of Newburgh, No. 22 CV 4450 (VB), 2023 WL 5585139, at *9 (S.D.N.Y. Aug. 29, 2023); Alwan v. City of New York, 311 F. Supp. 3d 570, 585–86 (E.D.N.Y. 2018).

**II.     Plaintiff's fourth cause of action should be dismissed.**

While the legal theory underlying Plaintiff's fourth cause of action is never stated and is difficult to discern, it appears to be a state law claim for intentional infliction of emotional distress ("IIED") as Plaintiff contends that he suffered "emotional injuries" as a result of "intentional acts of the Defendants described herein, carried out in pursuit of a personal vendetta."  (Compl. ¶ 27).

This cause of action should be dismissed as the conduct underlying an IIED claim cannot be sustained where the purportedly tortious conduct – Plaintiff's arrest and prosecution – falls within the ambit of other traditional tort liability.  See Leonard v. Reinhardt, 20 A.D.3d 510, 510, 799 N.Y.S.2d 118 (2d Dept. 2005) ("the cause of action alleging intentional infliction of emotional distress should have been dismissed as duplicative of the causes of action alleging malicious prosecution and assault and battery"); Yang Feng Zhao v. City of N.Y, 656 F. Supp. 2d 375, 405 (S.D.N.Y. 2009) (holding that because "the alleged conduct fits well within the traditional tort theories of false arrest, malicious prosecution, and assault and battery…the claim of intentional infliction of emotional distress will not fly").  Accordingly, Plaintiff's IIED claim should be dismissed.

**III.    All claims against the Town of Haverstraw Police Department should be dismissed.**

The Town of Haverstraw Police Department should be dismissed from this action because it is not a sueable entity.  Under New York law, municipal subdivisions such as police departments cannot be sued because they have no legal existence separate from their municipality. See Clayton

v. City of Kingston, 44 F. Supp.2d 177, 183 (N.D.N.Y. 1999); Cook v. City of Saratoga Springs, No. 03-CV-1288, 2005 WL 8169571, at *4 (N.D.N.Y. Mar. 21, 2005).

Here, the Town of Haverstraw Police Department is a municipal subdivision and its parent municipality, the Town of Haverstraw, is already a party to this case. Accordingly, all claims against the Town of Haverstraw Police Department should be dismissed as it is not a proper defendant to this action.

## **CONCLUSION**

Wherefore, in light of the foregoing, it is respectfully submitted that the above-referenced claims and all claims against the Town of Haverstraw Police Department should be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

MORRIS DUFFY ALONSO FALEY & PITCOFF

By: *Kenneth E. Pitcoff*
KENNETH E. PITCOFF, ESQ.
REBECCA J. ROSEDALE, ESQ.
Attorney for Defendants
Office and Post Office Address
Two Rector Street, 22nd Floor
New York, New York 10006
T: (212) 766-1888
F: (212) 766-3252
Our File No.: (TRV) 76084

TO: Kevin T. Conway, Esq.
*Attorney for Plaintiff*
7 Stokum Lane
New City, New York 10956
(845- 352-0206
kconway@ktclaw.com

3