UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRETT YAGEL,

                        Plaintiff,

  -against-

THE TOWN OF HAVERSTRAW, TOWN OF HAVERSTRAW SUPERVISOR, HOWARD T. PHILLIPS, JR., TOWN OF HAVERSTRAW POLICE DEPARTMENT,

                        Defendants.

No. 24-cv-2030 (NSR)
**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/2024

NELSON S. ROMÁN, United States District Judge:

    Before the court is a partial motion to dismiss filed by Defendants Town of Haverstraw ("Haverstraw"), Town of Haverstraw Supervisor, Howard T. Phillips, Jr. ("Defendant Phillips"), Town of Haverstraw Police Department ("the HPD") (collectively, the "Defendants"). (ECF No. 13.) Plaintiff alleges that Defendants' actions constituted (1) a violation of Plaintiff's right to free speech under Article I Section 8 of the New York State Constitution (First Cause); (2) a violation of Plaintiff's right to free speech under the First Amendment (Second Cause), (3) malicious prosecution (Third Cause), (4) emotional distress (Fourth Cause), and (5) unlawful detention (Fifth Cause).

    Defendants seek to dismiss Plaintiff's First and Fourth Causes of Action, as well as all claims against the HPD in their entirety pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Defendants' partial motion to dismiss is GRANTED.

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor, as summarized below.

Brett Yagel ("Plaintiff") is a resident of Pomona, New York. (Compl. ¶ 4.) Plaintiff served as the mayor of the Village of Pomona, a Village within the Town of Haverstraw from 2011–2019. (*Id.* ¶ 5.)

On February 14, 2023, the Plaintiff attended a Town Board Meeting held at Town of Haverstraw Town Hall. (Compl. ¶ 9.) The topic of the meeting focused on how the Town Board handled an issue under the Religious Land Use and Institutionalized Persons Act of 2000. (*Id.*) Specifically, the Town had approved a plan to convert a single-family home to a Synagogue. (*Id.*)

Plaintiff alleges that while he was addressing the Board, he entered into an exchange with Defendant Phillips who then called for the Plaintiff's removal from the meeting. (*Id.* ¶ 10.) As a result, the Plaintiff was escorted from the meeting. (*Id.*)

The Complaint alleges that Defendant Phillips directed members of the HPD to arrest Plaintiff if he re-entered or attempted to re-enter the meeting. (*Id.* ¶ 11.) Plaintiff contends that he stood by and remained in the doorway to the meeting when he was arrested by members of the HPD and charged with disorderly conduct. (*Id.*)

The Complaint alleges that subsequent to Plaintiff's arrest, Defendant Phillips appeared on a local radio station and made false, negative comments about Plaintiff, defaming and embarrassing him with regard to the nature of the arrest itself. (*Id.* ¶ 12.)

The disorderly conduct charges against the Plaintiff were dismissed on May 17, 2023. (*Id.* ¶ 13.)

On March 18, 2024, Plaintiff filed a Complaint against Defendants alleging the five causes of action enumerated above. On August 6, 2024, Defendants filed a partial motion to dismiss seeking to dismiss Plaintiff's First and Fourth Causes of Action, as well as all claims against the HPD in their entirety. Defendants filed a Memorandum of Law in Support (ECF No. 14, "Def. Mem.") and Reply (ECF No. 16, "Reply"); and Plaintiff filed his opposition (ECF No. 15, "Pl. Opp.").

## RELEVANT LAW

*Federal Rule of Civil Procedure 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations

"allow[ ] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Section 1983*

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); see Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); Quinn v. Nassau Cty. Police Dep't, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

In order for a defendant in a Section 1983 action to be held liable, the plaintiff must demonstrate that the defendant was personally involved in the alleged constitutional violations. *Whitton v. Williams*, 90 F. Supp. 2d 420, 427 (S.D.N.Y. 2000). Personal involvement is defined as

4

"direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Important context is that a defendant "in a § 1983 action is not liable simply on the basis of holding a high position of authority." *Dawson v. Cnty. of Westchester*, 351 F. Supp. 2d 176, 196 (S.D.N.Y. 2004). Additionally, "[p]leadings pursuant to § 1983 must contain 'more than mere conclusory allegations.'" *Richard v. Fischer*, 38 F. Supp. 3d 340, 351 (W.D.N.Y. 2014) (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988)).

## DISCUSSION

### I. Liability for the Haverstraw Police Department

Defendants argue that the Court should dismiss all claims against the HPD because it is not a suable entity. The Court agrees. Federal courts apply state law to determine whether an entity has capacity to be sued. *Andradez v. Orange Cty. Sheriff's Off.*, No. 20-CV-2050 (PMH), 2020 WL 1819881, at *1 (S.D.N.Y. Apr. 10, 2020) (citing Fed. R. Civ. P. 17(b)). Under New York law, "[a] city police department is not an independent, suable entity separate from the municipality in which the police department" exists. *Krug v. County of Rennselaer*, 559 F.Supp.2d 223, 247 (N.D.N.Y. 2008) (citing *Orraca v. City of N.Y.*, 897 F.Supp. 148 (S.D.N.Y. 1995)). *See also Clayton v. City of Kingston*, 44 F. Supp. 2d 177, 183 (N.D.N.Y. 1999) ("Because a police department is an administrative arm of the city, which is a municipality, "[the] police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity.") (quoting *Baker v. Willett*, 42 F.Supp.2d 192, 197 (N.D.N.Y.1999). Further, in instances where "both the municipality and the municipal agency have been named as defendants, courts have dismissed the claims against the agency." *See White*

5

*v. City of Mount Vernon*, No. 19 CIV. 853 (NSR), 2024 WL 1443257, at *1 (S.D.N.Y. Apr. 3, 2024) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); *see also Manning v. County of Westchester*, No. 93-CV-3366, 1995 WL 12579, at *2 (S.D.N.Y. Jan. 5, 1995) (removing the Westchester County Police Department as a named defendant where the County of Westchester, as the real party in interest, was already a named defendant).

Accordingly, the HPD has no legal identity separate and apart from the Town of Haverstraw. The Complaint also explicitly states that the HPD is "funded and operated by the Town of Haverstraw." (Compl. ¶ 8.) Because the HPD does not have its own legal identity, Plaintiff's claims against the HPD are dismissed with prejudice.

**II.     First Cause of Action Under Article I, Section 8 of the New York State Constitution**

Defendants move to dismiss Plaintiff's first cause of action, predicated on a violation of free speech protections in Article I, Section 8 of the New York State Constitution. Defendants argue that Plaintiff fails to state a claim as New York state constitutional tort claims are unavailable where the Plaintiff has a federal constitutional remedy. (Def. Mem. p. 1.) The Court agrees. District courts in this Circuit have consistently held that "there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983.") (*Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (quoting *Campbell v. City of New York*, No. 09 Civ. 3306, 2011 WL 6329456, at *5 (E.D.N.Y. Dec. 15, 2011) (internal quotation marks omitted)); *see also Raymond v. City of New York*, No. 15-Cv-6885 (LTS), 2017 WL 892350, at *8 (S.D.N.Y. Mar. 6, 2017) ("[I]t is a common view among District Courts in this Circuit that there is no right of action under the New York State Constitution for claims that can be brought under § 1983.") (quoting *Dava v. City of New York*, No. 15-Cv-08575 (ALC), 2016 WL 4532203, at *10 (S.D.N.Y. Aug. 29, 2016).

Here, Plaintiff neither argues that his § 1983 claims offer him inadequate protection as to free speech rights granted by the New York State Constitution; nor does he argue that there are no remedies available under § 1983. *Cf. Campbell v. City of New York*, No. 09-CV-3306 FB JO, 2011 WL 6329456, at *5 (E.D.N.Y. Dec. 15, 2011) ("Because remedies are not available under § 1983 for plaintiff's excessive force claim against the City, however, plaintiff's state constitution claims against the City are not dismissed; *Vilkhu v. City of N.Y.*, No. 06–CV–2095, 2008 WL 1991099, at *9 (E.D.N.Y.2008) ("Because § 1983 does not recognize respondeat superior liability ... plaintiff's state constitution claims against the City" survive).

While the New York free speech standard can be more generous in protecting speech than the federal standard, § 1983 "need not provide the exact same standard of relief in order to provide an adequate remedy." *Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (citing *Wahad v. F.B.I.*, 994 F. Supp. 237, 240 (S.D.N.Y. 1998)). *Cf. Morgan v. Cnty. of Nassau*, 720 F. Supp. 2d 229, 243 (E.D.N.Y. 2010) (relying on a non § 1983 case *People ex rel. Arcara v. Cloud Books, Inc.,* 68 N.Y.2d 553, 557–58, 510 N.Y.S.2d 844, 503 N.E.2d 492 (N.Y.1986) to support its decision to decline to dismiss plaintiff's free speech state law claim because New York State Constitutional guarantees of free speech are generally larger than the First Amendment ones). Again, Plaintiff has not alleged that his § 1983 claims offer him inadequate protection or remedies. Plaintiff seeks identical relief of compensatory and punitive damages for both the state and federal free speech claims. Accordingly, the existence of alternative damage remedies under § 1983 obviates the need to imply a private right of action under the State Constitution. Moreover, where a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, "any claims brought under the state constitution are ordinarily dismissed," which is the case here. *Talarico v. Port Auth. of N.Y. and N.J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y.

2019) (collecting cases). Because Plaintiff has a federal constitutional remedy under § 1983 for alleged First Amendment violation, his First Cause of Action under the New York State Constitution is dismissed with prejudice.

### III.    Fourth Cause of Action – Emotional Injuries

Defendants contend that Plaintiff's Fourth Cause of Action, which they surmise to be a state-law claim for intentional infliction of emotional distress, should be dismissed given that the alleged conduct falls within the ambit of Plaintiff's causes of action for false arrest and malicious prosecution. (Reply, p. 2.) The Court is not prepared to assess the merits of Defendants' argument against the Fourth Cause because Plaintiff's legal claim is unclear at this time. The relevant part of the Complaint reads,

> "Plaintiff suffered economic damage(s), including a loss of gainful employment and was caused to suffer emotional injuries and continues to suffer from distress. The aforesaid emotional injuries sustained by Plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of the Defendants as described herein. The Defendants acted maliciously and with specific intent to oppress and harm Plaintiff and/or with reckless disregard of the consequences of their actions . . ." (Compl. ¶¶ 27–29.)

Plaintiff does not facilitate the Court's understanding of what emotional injuries he asserts in the Fourth Cause of Action and how they differ from the "emotional suffering and psychiatric injury" in First Cause of Action and the "emotional injury" in the Second, Third, and Fifth Causes of Action (Compl. ¶¶ 16, 20, 24, 32.). Setting aside Defendants' arguments for dismissing the Fourth Cause of Action, the lack of clarity renders the Complaint fatally deficient as it leaves the Court unable to ascertain what claim Plaintiff asserts against Defendants. As a matter of framing, the Court notes that Plaintiff may not bring a claim based on conclusory allegations. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Here, Plaintiff does not put forth any factual allegations that specifically plead what emotional injuries Plaintiff suffered. Plaintiff neither offers precise allegations regarding the ways in which Defendants' actions caused emotional distress nor

offers details about the alleged distress. Instead, Plaintiff offers general allegations that, as currently pled, are vague and insufficient. This necessarily hinders the Court's ability to ascertain what claim is being asserted and how to best address Defendants arguments for dismissal. While the Court is "obligated to draw the most favorable inferences that [Plaintiff]'s complaint supports, [the Court] cannot invent factual allegations that he has not pled." *Id.* Moreover, in his opposition to the Defendants' motion, Plaintiff fails to meaningfully respond to the Defendants' arguments or provide any clarity that would be helpful here. Accordingly, the Court dismisses Plaintiff's Fourth Cause of Action without prejudice to give Plaintiff an opportunity to amend and clarify his assertions.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' partial motion to dismiss. More specifically, the Court dismisses all claims against the Town of Haverstraw Police Department with prejudice, dismisses Plaintiff's First Cause of Action under Article I Section 8 of the New York State Constitution with prejudice as to all remaining Defendants, and dismisses Plaintiff's Fourth Cause of Action regarding emotional injuries without prejudice as to all remaining Defendants. Defendant Town of Haverstraw Police Department is terminated.

As Plaintiff's Complaint was the first Complaint for which motion practice occurred, Plaintiff is granted leave to file a First Amended Complaint. Plaintiff will have until January 6, 2025 to do so, consistent with this order. Plaintiff is advised that the First Amended Complaint will replace, not supplement, the Complaint, and so any claims they wish to pursue must be included in, or attached to, the First Amended Complaint. Should Plaintiff file a First Amended Complaint, Defendants the Town of Haverstraw and Phillips are directed to answer or otherwise respond to the First Amended Complaint by January 30, 2025, and the parties are directed to

complete and file a Case Management Plan and Scheduling Order (blank form attached) by February 20, 2025. If no First Amended Complaint is filed, Defendants the Town of Haverstraw and Phillips are directed to file an answer to the original Complaint by January 30, 2025, and the parties are directed to complete and file a Case Management Plan and Scheduling Order (blank form attached) by February 20, 2025.

If Plaintiff fails to file a First Amended Complaint within the time allowed, those claims dismissed without prejudice by this order will be deemed dismissed with prejudice. The Clerk of Court is kindly directed to terminate the motion at ECF No. 13.

Dated: December 11, 2024  
      White Plains, New York

SO ORDERED:

_____

UNITED STATES DISTRICT COURT                                    Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

                                                                            **CIVIL CASE DISCOVERY PLAN**

                                Plaintiff(s),           **AND SCHEDULING ORDER**

    - against -

                                  Defendant(s).       _____ CV _____ (NSR)

---------------------------------------------------------------x

  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.     All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.     This case [is] [is not] to be tried to a jury.

3.     Joinder of additional parties must be accomplished by _____.

4.     Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY _____.**

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:   White Plains, New York

_____

_____

Nelson S. Román, U.S. District Judge